UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL LEWIS, | ) | 1:06-CV-00501 OWW LJO HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | ) ) | |
| ROY A. CASTRO, Warden, | ) | [Doc. #17] |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 6, 2006, Petitioner filed the instant petition for writ of habeas corpus in this Court. In his petition, Petitioner does not specify his grounds for relief other than referring the Court to his petition for review to the California Supreme Court and the opinion of the California Court of Appeals. In those pleadings, Petitioner presented the following two claims: 1) Petitioner alleges the trial court committed reversible error by failing to conduct a <u>Marsden</u>[1] hearing; and 2) Petitioner contends the trial court committed reversible error by failing to strike a prior conviction pursuant to

---

[1] People v. Marsden, 2 Cal.3d 118 (1970).

People v. Superior Court (Romero), 13 Cal.4th 497 (1996).

On August 14, 2006, Respondent filed a motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims. Respondent opposes a stay of the petition.

On January 4, 2007, Petitioner filed an opposition to Respondent's motion wherein Petitioner requests a stay of the proceedings pending exhaustion of his state remedies.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition before the Court, Petitioner raises two grounds for relief. Respondent concedes that Ground One is exhausted; however, Respondent argues that Grounds Two has not been fairly presented to the California Supreme Court and is therefore unexhausted. The Court has

1  reviewed the petition for review filed with the California Supreme Court. Ground Two was not
2  specifically noted as a ground for relief. Respondent correctly argues that it is unexhausted.
3     Therefore, the instant petition is a mixed petition containing exhausted and unexhausted
4  claims. Petitioner requests that the Court stay the proceedings and hold the petition in abeyance
5  pending exhaustion of this state remedies. A district court has discretion to stay a petition which it
6  may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United
7  States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d
8  1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently
9  held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of
10 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is]
11 available only in limited circumstances" and "is only appropriate when the district court determines
12 there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.
13 Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its
14 discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.
15    In this case, the Court finds good cause to excuse Petitioner's failure. Although the
16 unexhausted claim was not specifically presented as a ground for relief in his petition for review to
17 the California Supreme Court, it appears Petitioner desired to have the claim reviewed since he
18 attached a copy of the appellate court's opinion to his petition wherein the ground was addressed. In
19 addition, Petitioner claims he is illiterate and entirely dependent on other inmates for legal
20 assistance. Although this is a condition suffered by most inmates, it does lend support to Petitioner's
21 claim that he intended to exhaust his claim by submitting a copy of the appellate court's opinion to
22 the California Supreme Court. It should be noted that he did the very same thing in presenting his
23 claims to this Court. Therefore, the Court will recommend granting a stay of the proceedings so
24 Petitioner may return to the California Supreme Court to properly exhaust Ground Two of this
25 petition.

## RECOMMENDATION

27    Accordingly, the Court RECOMMENDS that Respondent's Motion to Dismiss be DENIED,
28 and a stay of the proceedings be ISSUED.

1    This Findings and Recommendation is submitted to the United States District Court Judge
2 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
3 Local Rules of Practice for the United States District Court, Eastern District of California.
4    Within ten (10) court days (plus three days if served by mail) after being served with a copy
5 of this Findings and Recommendation, any party may file written objections with the Court and serve
6 a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10)
8 court days (plus three days if served by mail) after service of the Objections.  The Finding and
9 Recommendation will then be submitted to the District Court for review of the Magistrate Judge's
10 ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
11 within the specified time may waive the right to appeal the Order of the District Court.  Martinez v.
12 Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 IT IS SO ORDERED.
14 **Dated:   January 23, 2007**              /s/ Lawrence J. O'Neill
   b9ed48                          UNITED STATES MAGISTRATE JUDGE