UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL LEWIS, | ) | 1:06-CV-00501 LJO GSA HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| ROY A. CASTRO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Madera, following his conviction by jury trial on May 18, 2004, of sale of methamphetamine (Cal. Health & Safety Code § 11379(a)) and sale of cocaine (Cal. Health & Safety Code § 11352(a)). (LD[1] 1.) Numerous enhancements were found to be true. (LD 1.) On July 15, 2004, Petitioner was sentenced to serve an indeterminate term of fifty years to life followed by a term of twenty-five years to life in state prison. (LD 1.)

Petitioner filed a notice of appeal to the California Court of Appeals, Fifth Appellate District

---

[1] "LD" refers to those documents and pleadings lodged by Respondent with his answer.

(hereinafter "Fifth DCA"). On September 13, 2005, the Fifth DCA affirmed the judgment. (LD 5.) However, the appellate court issued its opinion without prejudice to Petitioner pursuing a petition for writ of habeas corpus in the trial court. (LD 5 at 9.) The superior court then issued an Amended Abstract of Judgment in accordance with the appellate opinion. (LD 6.) Petitioner then filed a petition for review in the California Supreme Court. (LD 7.) The California Supreme Court summarily denied the petition on November 30, 2005. (LD 7.)

On February 6, 2006, Petitioner filed a federal habeas petition in the Sacramento Division of this Court. The case was transferred to the Fresno Division on April 26, 2006. On August 14, 2006, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. On March 7, 2007, the District Court denied Respondent's motion to dismiss and granted a stay of the petition pending exhaustion. Petitioner then filed a habeas petition in the California Supreme Court. The petition was denied on August 22, 2007, with citation to In re Waltreus, 62 Cal.2d 218 (1965). (LD 8.) On October 29, 2007, Petitioner filed the instant amended petition. Petitioner contends the case should be remanded to the trial court to exercise its discretion and strike one or more of the priors. He also claims the trial court committed reversible error by failing to conduct a Marsden[2] hearing when Petitioner complained of his attorney's performance. Respondent filed an answer on February 4, 2008. Petitioner did not file a traverse.

## **FACTUAL BACKGROUND**[3]

On June 25, 2003, an undercover officer went to McNally Park in Madera at 1:00 p.m. and told a woman he wanted to purchase a "veinte," Spanish slang for a $20 piece of rock cocaine. The woman motioned to a man, later identified as Petitioner, who came over and asked the officer if he wanted "cocoa," the Spanish term for cocaine. The officer handed Petitioner $20 and received a small rock-like substance wrapped in plastic which was later identified as .47 grams of methamphetamine.

On July 2, 2003, the officer returned to McNally Park and asked a male for a "veinte." The

---

[2] People v. Marsden, 2 Cal.3d 118 (1970).

[3] The facts are derived from the factual summary set forth by the Fifth DCA in its opinion of September 13, 2005, and are presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). (LD 5 at 3.)

male called over to "Uncle Mike." Petitioner walked up holding up his palm. Petitioner handed the officer a rock-like substance in exchange for $20. The substance the officer received on July 2, 2003, was .15 grams of base cocaine.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Madera County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

1    States" or "resulted in a decision that was based on an unreasonable determination of the facts in
2    light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer,
3    538 U.S. at 70-71; see Williams, 529 U.S. at 413.
4         As a threshold matter, this Court must "first decide what constitutes 'clearly established
5    Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,
6    *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court
7    must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time
8    of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly
9    established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by
10   the Supreme Court at the time the state court renders its decision." Id.
11        Finally, this Court must consider whether the state court's decision was "contrary to, or
12   involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72,
13   *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the
14   writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a
15   question of law or if the state court decides a case differently than [the] Court has on a set of
16   materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.
17   "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state
18   court identifies the correct governing legal principle from [the] Court's decisions but unreasonably
19   applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.
20        "[A] federal court may not issue the writ simply because the court concludes in its
21   independent judgment that the relevant state court decision applied clearly established federal law
22   erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A
23   federal habeas court making the "unreasonable application" inquiry should ask whether the state
24   court's application of clearly established federal law was "objectively unreasonable." Id. at 409.
25        Petitioner has the burden of establishing that the decision of the state court is contrary to or
26   involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,
27   94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states,
28   Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court

decision is objectively unreasonable.  See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petition**

**A.  Ground One**

In his first ground for relief, Petitioner claims the trial court abused its discretion by declining to strike one of his prior serious felony convictions pursuant to People v. Romero, 13 Cal.4th 497 (1996).

1.  Review by State Courts

The claim was first presented on direct appeal to the Fifth DCA.  On September 13, 2005, the Fifth DCA denied the claim in a reasoned opinion. (LD 5.) Petitioner then pursued his claim in a petition for writ of habeas corpus in the California Supreme Court. (LD 8.) The petition was denied on August 22, 2007. (LD 8.) The California Supreme Court is presumed to have denied the claim presented for the same reasons stated in the opinion of the Fifth DCA. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The appellate court analyzed and rejected the claim as follows:

> Appellant's trial counsel filed a written motion and argued during the sentencing hearing that the trial court should exercise its discretion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike one of his prior serious felony convictions. Appellant argued that his convictions were for the sale of small quantities of narcotics and that two consecutive sentences of 25 years to life were unwarranted. Appellant contends the trial court abused its sentencing discretion when it declined to strike one of his prior serious felony convictions. Appellant also contends the record does not reflect that the trial court understood it had discretion to strike one or more prior serious felony allegations as to one of the two counts while leaving them in place for the remaining allegation.
>
> During the sentencing hearing, defense counsel argued that appellant's two convictions were for the sale of a small quantity of narcotics and that his two strike offenses for robbery were remote in time.[4] Counsel argued that his client was 50 years of age and imposing two sentences of 25 years to life would effectively be a life term.

---

[4]Appellant was convicted of robbery in 1980 and 1988.

>    The trial court stated it considered the invitation of defense counsel to exercise its discretion pursuant to *People v. Superior Court (Romero), supra*, 13 Cal.4th 497 and *People v. Williams* (1998) 17 Cal.4th 148. The court explained it considered each of the factors set forth in *Williams* and that it would be tempted to perhaps strike one or both of the strike allegations except for the fact that appellant had an extensive criminal record throughout his life.[5] The court noted appellant's criminality was a consistent pattern throughout his life and failed to demonstrate that he could maintain himself free of custody. The court found the strike allegations not to be remote in time and that appellant did not fall outside the spirit of the three strikes law.
>
>    In ruling on whether to strike or vacate a prior serious felony conviction under the three strikes law, a trial court must consider the nature and circumstances of the defendant's present felonies and prior serious felony convictions. The court should view the particulars of the defendant's background, character, and prospects before determining whether the defendant may be deemed outside the spirit of the three strikes law in whole or in part. (*People v. Williams, supra*, 17 Cal.4th 148, 161.)
>
>    The defendant bears the burden to show the trial court's refusal to strike a prior conviction was irrational or arbitrary. There is a strong presumption that a sentence imposed by the three strikes law is rational and proper. Appellate courts review a trial court's sentence under the abuse of discretion standard. A trial court abuses its sentencing discretion only where the trial court was unaware of its discretion to strike, the court considered impermissible factors, or where the court's mechanical application of the statute yields an arbitrary, capricious, or patently absurd result. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-378.) We find the appellant has not demonstrated that the trial court abused its sentencing discretion in failing to strike one or both of the prior serious felony allegations.

(LD 5 at 5-7.)

2. Applicable Federal Law

Federal habeas corpus relief is not available to correct errors in the application or interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Only if an error in state proceedings involves "fundamental fairness" does it rise to the level of a due process violation cognizable in a habeas action. Id at 72-73.  Whether a California judge properly sentenced Petitioner is generally a question of state law and not cognizable in a federal habeas corpus action. Miller v. Vasquez, 868 F.2d 1116, 1118 (9th Cir. 1989).  However, the United States Supreme Court in Hicks v. Oklahoma, held that state laws guaranteeing a defendant procedural rights at sentencing may create liberty interests protected against arbitrary deprivation by the Due Process clause of the fourteenth amendment.  Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).  Thus, when a state has provided a specific method for determining whether a certain sentence shall be imposed, "[i]t is not

---

[5] More recently, appellant had felony convictions for narcotics offenses in 1991, a grand theft conviction in 1996, and a series of parole violations between 1996 and 1999. Appellant had misdemeanor convictions in 2000 and 2001 for possession of opium pipes and a conviction in 2003 for misdemeanor public intoxication.

1  correct to say that the defendant's interest in having that method adhered to 'is merely a matter of
2  state law.'" Id., *citing* Fetterly v.Paskett, 997 F.2d 1295, 1300 (9th Cir. 1993), *cert. denied*, 513 U.S.
3  914 (1994).

4      3.  Review of Claim

5      Petitioner first argues that the trial court erred when it sentenced Petitioner, because it did not
6  clearly understand that it had the discretion to strike one or more of the priors under California Penal
7  Code §1385. This claim is without merit, the state court was clearly aware of its discretion. This is
8  evident in the record. Petitioner's counsel filed a written Romero motion. During sentencing, the trial
9  court heard argument from defense counsel as to why his two prior convictions should be stricken.
10 The trial court considered his arguments and opted not to strike the convictions in light of
11 Petitioner's extensive criminal record. Therefore, it is clear the trial court was aware of its discretion
12 to strike the priors.

13     Petitioner also claims the trial court abused its discretion in failing to strike one or more
14 priors. As noted above, issues of sentencing such as this are completely state law claims and not
15 cognizable in a federal habeas action. Moreover, the record is clear that the trial court's exercise of
16 discretion was not arbitrary or irrational.

17     Petitioner further claims the trial court was unaware that it had the discretion to strike prior
18 allegations as to one count alone which would result in a sentence of less than 25 years to life for that
19 count. The Fifth DCA rejected this claim as follows:

> Appellant also argues the record is ambiguous concerning whether the trial court understood it had discretion to strike prior serious felony allegations as to only one count so that one count would have a sentence term less than 25 years to life. In *People v. Garcia* (1999) 20 Cal.4th 490, 502-504, the California Supreme Court held that where defendants have been convicted of multiple offenses subject to the three strikes sentencing scheme, trial courts have discretion to strike prior serious felony allegations as to some counts without having to do so for all counts. Neither the trial court nor the parties expressly discussed this issue during the sentencing hearing.
>
> In appellant's written motion, his trial counsel cited to the *Garcia* case, but it appeared in a string citation with other cases. The *Garcia* case was not cited for the proposition now asserted. Thus, we disagree with respondent's assertion that we must presume that the trial court was aware of its discretion under *Garcia.* Where there is a silent record in three strikes cases in which we cannot discern whether the trial court understood its sentencing discretion, the proper procedure for an appellate court to follow is to deny the request for remand without prejudice to the defendant seeking relief in a petition for a writ of habeas corpus. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 945; *People v. Houck* (1998) 66 Cal.App.4th

350, 354.) The *Fuhrman* court established that the defendant should file the petition for a writ of habeas corpus with the trial court and for the trial court to issue an order to show cause if it finds that the petition has potential merit. (*People v. Fuhrman, supra,* 16 Cal.4th at p. 946, fn. 10.)

> We find the record in the instant action is silent concerning whether the trial court understood whether it had discretion to dismiss one or more prior serious felony allegations as to a single count. If appellant is entitled to a remedy at all, he must pursue it by filing of a writ of habeas corpus with the trial court.

(LD 5 at 7-8.)

As with the previous subclaims, this is entirely a state sentencing issue and not cognizable in a federal habeas action. More importantly, the Fifth DCA did not decide whether there was error. The appellate court specifically stated that the proper procedure to seek relief for this claim would be by petition for writ of habeas corpus to the trial court, and it left open this remedy for Petitioner by denying the petition without prejudice to Petitioner pursuing this form of relief. However, Petitioner has never done so. As such, any claim of constitutional error is unexhausted.

Finally, Petitioner argues the state court never explained whether the sentences imposed were to be served concurrently or consecutively. The appellate court rejected this claim, because under the three strikes law, consecutive sentencing is mandatory unless the two prior offenses occurred during the same occasion and arose from the same set of operative facts. Cal. Penal Code §§ 667(c)(6) & (7), 1170.12(a)(6) & (7); People v. Lawrence, 24 Cal.4th 219, 233-34 (2000). As the two priors Petitioner was found to have committed occurred on separate dates, the trial court had no discretion to impose a concurrent sentence. Therefore, no trial error occurred.

**B.  Ground Two**

Petitioner next claims the trial court committed reversible error by failing to conduct a Marsden hearing.

1.  Review by State Courts

This claim was first presented on direct appeal to the Fifth DCA.  On September 13, 2005, the Fifth DCA denied the claim in a reasoned opinion. (LD 5.) Petitioner then pursued the claim in a petition for review in the California Supreme Court. (LD 7.) The petition was denied on November 30, 2005. (LD 7.) The California Supreme Court is presumed to have denied the claims presented for the same reasons stated in the opinion of the Fifth DCA.  Ylst v. Nunnemaker, 501

U.S. 797, 803 (1991).

In denying the claim, the Fifth DCA stated:

> Appellant contends the trial court erred in failing to conduct a *Marsden* hearing after appellant requested the appointment of private counsel.
>
> The morning of the first day of trial, appellant's court-appointed counsel, John Garibay, informed the court appellant wanted private counsel. Garibay stated appellant was having problems with his clothing and requested a continuance of one or two weeks. The trial court noted appellant appeared adequately dressed and denied a continuance.
>
> Appellant replied that he did not care about his clothes and he had to confront everyone with a public defender. Garibay told the court that appellant had recently told him he wanted to hire private counsel. The court observed appellant had been arraigned on January 2, 2004, and that it was May 11, 2004. The court stated that appellant had adequate time to obtain different counsel.
>
> Garibay informed the court he had been recently assigned to the case and had limited time to prepare the case. When asked by the trial court if he was adequately prepared to proceed to trial that day, Garibay replied that he was. The court asked appellant if he had sought to retain private counsel. Appellant replied, "I just want another attorney because I don't want-because, see, this man right here, he didn't deal with some of these guys on this case already. He didn't do nothing [*sic*] for them either, so what he [*sic*] going to do for me? Nothing."
>
> Appellant continued, "And he done my two-my nephews has [*sic*] been on this same trial with these people right here at the same time and he didn't [*sic*] been on the case with them. [¶] And they just got [*sic*] found guilty, too, on the same case load." When the court asked appellant if there was anything else he wanted to add, appellant shook his head in the negative. The court found no basis for continuing the matter based on appellant's request for different counsel.
>
> When a defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance. A defendant is entitled to relief if the record clearly shows that the first attorney is not providing adequate representation or that the defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result. Substitution is a matter of judicial discretion. Denial of a motion is not an abuse of discretion unless the defendant has shown that a failure to replace the appointed attorney would substantially impair the defendant's right to assistance of counsel. (*People v. Hart* (1999) 20 Cal.4th 546, 603.)
>
> Though a trial court may have a duty to make a further inquiry concerning a defendant's assertion of inadequate representation, a full hearing on the matter is not required where, for instance, the only reason stated is a lack of trust and the only conflict of interest is that counsel advised the defendant to plead guilty. This is especially true if the defendant has not asserted that counsel would be unprepared for trial. (*People v. Freeman* (1994) 8 Cal.4th 450, 481.) The trial court's duty of inquiry arises only when the defendant asserts directly or by implication that trial counsel's performance has been so inadequate as to deny the defendant the constitutional right to effective counsel. (*People v. Leonard* (2000) 78 Cal.App.4th 776, 787.)
>
> Appellant's counsel on appeal describes appellant's attempt to inform the court as

> "less than perfectly coherent" and asserts the court failed to make a "real effort to understand the gravamen of appellant's complaints." Appellant appeared to be dissatisfied with his counsel because of counsel's case load and because appellant believed counsel was not successful with other clients. In making this assertion, appellant failed to articulate one fact that would call into question the attorney-client relationship or which would indicate inadequate representation.
>
> Appellant asked for a private attorney at the commencement of trial, but did not assert an irreconcilable conflict with Garibay. Appellant did not assert that Garibay was unprepared for trial. Appellant did not state any deficiency in Garibay's representation of him, either expressly or by implication. In short, there was nothing articulated by appellant that would alert the trial court that it should conduct an inquiry into appellant's concerns or that would trigger a full *Marsden* hearing.

(LD 5 at 3-5.)

   2.  Applicable Federal Law

The denial of a motion to substitute counsel implicates a defendant's Sixth Amendment right to counsel and therefore is properly considered in a habeas proceeding. Bland v. California Dep't of Corrections, 20 F.3d 1469, 1475 (9th Cir.), *cert. denied*, 513 U.S. 947, 115 S.Ct. 357 (1994), *overruled on other grounds by* Schell v. Witek, 218 F.3d 1017 (9th Cir.2000) (*en banc*).  It is well settled that when a criminal defendant voices a seemingly substantial complaint about counsel, the trial judge should make a thorough inquiry into the reasons for the defendant's dissatisfaction. Bland, 20 F.3d at 1475-76; United States v. Robinson, 913 F.2d 712, 716 (9th Cir.1990).  The Sixth Amendment, however, guarantees effective assistance of counsel, not a "meaningful relationship" between an accused and his counsel. See Morris v. Slappy, 461 U.S. 1, 14 (1983).  The ultimate inquiry in a federal habeas proceeding is whether the petitioner's Sixth Amendment right to counsel was violated. Schell, 218 F.3d at 1024-25.  The habeas court considers whether the trial court's denial of or failure to rule on the motion "actually violated [Petitioner's] constitutional rights in that the conflict between [Petitioner] and his attorney had become so great that it resulted in a total lack of communication or other significant impediment that resulted in turn in an attorney-client relationship that fell short of that required by the Sixth Amendment." Id. at 1026.

   3.  Review of Claim

Upon review of the record, two key points emerge which are fatal to Petitioner's claim. First, Petitioner never articulated a substantial complaint about counsel. He merely stated his displeasure with counsel's caseload and his record with respect to other defendants he had represented. He failed

U.S. District Court
E. D. California         cd                                      10

to state one specific instance which would alert the trial court to possible inadequate representation or irreconcilable conflict. There was simply nothing for the trial court to explore. Second, the trial court conducted as thorough an inquiry as could be warranted given Petitioner's statements. After giving Petitioner an opportunity to present his complaints, the court asked him if there was anything else he wanted to add, to which Petitioner responded in the negative. There was no basis to continue the inquiry.

In sum, Petitioner has failed to demonstrate that the state court rejection of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The petition should be denied.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **October 30, 2008**                    **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE